This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Henry Beachy, appeals from the judgment of the Wayne County Municipal Court, which convicted him of assault. We affirm.
 I.
{¶ 2} On September 17, 2001, Beachy was charged with one count of assault, in violation of R.C. 2903.13(A), and one count of possession of drugs, in violation of R.C. 2925.11. Beachy ultimately entered a plea of no contest to the assault charge, and the drug possession charge was dismissed. The trial court found him guilty of assault and sentenced him to 93 days in jail, with 30 days suspended; Beachy was given credit for 3 days he had already served in jail. The court ordered Beachy to pay restitution in the amount of $653.70 and court costs. The trial court also placed Beachy on probation for a two-year period. This appeal followed.
 Assignment of Error "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING APPELLANT WITHOUT CONSIDERATION OF THE SENTENCING CRITERIA SET FORTH IN OHIO REVISED CODE § 2929.22."
{¶ 3} In his sole assignment of error, Beachy challenges his sentence for assault. He asserts that the trial court erred by failing to consider the sentencing criteria for the imposition of a sentence for a misdemeanor pursuant to R.C. 2929.22. We disagree.
{¶ 4} A misdemeanor sentence that falls within the guidelines established by R.C. 2929.22 will not be disturbed on appeal absent an abuse of discretion. State v. Jones, 9th Dist. No. 02CA0018,2003-Ohio-20, at ¶ 6. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
{¶ 5} The imposition of sentence for a misdemeanor is governed by R.C. 2929.22. In determining imprisonment terms and fines for misdemeanors, the trial court must consider whether the offender poses a risk of committing another offense from which the public must be protected; the nature and circumstances of the offense; the condition, history, and character of the offender; the offender's need for correctional or rehabilitative treatment; the ability and resources of the offender and the nature of the burden that payment of the fine will impose on him; and, if the offense is a misdemeanor specified in division (A) of R.C. 2930.01, any statement made by the victim under R.C. 2930.12
through 2930.17. R.C. 2929.22(A).
{¶ 6} R.C. 2929.22(B) provides a list of factors that "do not control the court's discretion but shall be considered in favor of imposing imprisonment[.]" Those factors include whether the offender is a repeat or dangerous offender and if the victim was 65 years of age or older, permanently and totally disabled, or less than 18 years old. The factors of R.C. 2929.12(C) and (E), which mitigate the seriousness of an offense and indicate that the offender is unlikely to commit future crimes, shall be considered by the court against imposing imprisonment for a misdemeanor. R.C. 2929.22(C). However, these factors do not control the court's discretion. Id. Furthermore, the court may consider matters other than those specified in determining whether to impose a term of imprisonment. R.C. 2929.22(D).
{¶ 7} As this Court has previously noted:
 "[A]lthough none of the statutory [factors of R.C. 2929.22] mandates a certain result, the court must consider the factors as set forth in that statutory section. Though preferable, there is no requirement that the trial court state on the record that it considered the statutory criteria[,] nor does the trial court need to discuss such statutory criteria. Rather, a presumption of regularity exists with regard to the trial court's consideration of the mitigating statutory criteria absent an affirmative showing that it did not do so." (Citations omitted.) Jones, 2003-Ohio-20, at ¶ 7.
{¶ 8} Beachy was convicted of assault, in violation 2903.13(A), a misdemeanor of the first degree. The maximum prison term for a first-degree misdemeanor is six months. R.C. 2929.21(B)(1). Beachy asserts that the trial court failed to consider that (1) the risk of Beachy committing another offense is remote; (2) there is no need to protect the public from such a remote risk; (3) the nature and circumstances of the assault were confusing at best, that the injuries on the victim conflicted with his report of what occurred; and (4) Beachy's history, character, and condition is such that he is not in need of correctional treatment, and, instead, rehabilitative treatment would be appropriate. Beachy also asserts that he is not a repeat or dangerous offender, and most of the factors favoring shorter prison terms apply.
{¶ 9} As the appellant, Beachy bears the burden to affirmatively demonstrate error on appeal. Moreover, "[w]hen the sentence imposed is within the statutory limits, the trial court is presumed to have considered the required factors absent a demonstration to the contrary by the defendant." State v. Overholt (Aug. 18, 1999), 9th Dist. No. 2905-M, at 16, appeal not allowed (1999), 87 Ohio St.3d 1459, citing State v.Keaton (1996), 113 Ohio App.3d 696, 707-708.
{¶ 10} The record in this matter does not support any of Beachy's assertions. The only argument presented to the trial court during sentencing was that Beachy was a self-employed horse trainer and was responsible for 20 horses and that he has a child support obligation of $500 per month. The record is silent as to support for any of the factors Beachy now claims that the trial court failed to consider or considered incorrectly. Accordingly, Beachy cannot demonstrate that the trial court abused its discretion when it sentenced him to 93 days imprisonment, with 30 days suspended, for assault.
{¶ 11} Beachy's assignment of error is overruled.
 III.
{¶ 12} Having overruled the sole assignment of error, we affirm the judgment of the Wayne County Municipal Court.
WHITMORE, J. and BATCHELDER, J. CONCUR.